# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: FEBRUARY 20, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-000104-MR



DEPARTMENT OF REVENUE,
FINANCE AND ADMINISTRATION CABINET,
COMMONWEALTH OF KENTUCKY

APPELLANT

3/12/20

A Hutcherson

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2018-CA-001659
FRANKLIN CIRCUIT COURT NO. 18-CI-00927

HON. PHILLIP J. SHEPHERD, JUDGE
FRANKLIN CIRCUIT COURT, DIV. I,

APPELLEE

FINCASTLE HEIGHTS MUTUAL
OWNERSHIP CORPORATION

REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

In this appeal, the Department of Revenue, Finance and Administration Cabinet requests that we reverse the Court of Appeals' holding that its writ of prohibition is moot, finding, specifically, that neither of the exceptions to the mootness doctrine apply. After review, we affirm.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

The real party in interest, Fincastle Heights Mutual Ownership Corporation (Fincastle), is a Kentucky non-profit mutual ownership corporation located in Louisville. Its business is managing, operating, acquiring, and

owning housing units. It is a Louisville Gas and Electric (LG&E) utilities customer.

In the underlying action Fincastle sued LG&E and sought a declaratory judgment that (1) Fincastle was exempt from state sales tax under KRS[1] 139.470(7)(d); and (2) Fincastle was owed refunds for taxes collected illegally by LG&E since June 1979. As a result, LG&E requested, via letter, a Technical Advice Memorandum (TAM) from the Department of Revenue, Finance and Administration Cabinet (DOR). The DOR issued a Private Letter Ruling on the matter instead. In the Private Letter Ruling, the DOR found that the utility services at issue were commercial, not residential. Therefore, Fincastle did not qualify for the tax exemption.

Fincastle filed its complaint and set of interrogatories/production of documents on September 13, 2018. The following week Fincastle served the DOR with its complaint and interrogatories and request for production of documents, including a request for a copy of LG&E's TAM request letter.

The DOR then filed a motion for protective order under CR[2] 26.03(1)(a) to avoid unnecessary expenditure of resources if it were ultimately removed from the action, as it also had a pending motion to dismiss. Fincastle's response in opposition to the DOR's protective order stated that the DOR should have to comply with the discovery request for the TAM request letter even if the court

---

[1] Kentucky Revised Statute.

[2] Kentucky Rule of Civil Procedure.

2

found the other requests should be postponed due to the pending motion to dismiss.

Thereafter, the DOR filed its reply to Fincastle's motion in response to the protective order. The DOR admitted that it had the document, but that "[s]uch disclosure, without LG&E's express permission, could constitute a violation of KRS 131.190(1)" and would therefore subject the DOR to punishment under KRS 131.990. Further, that LG&E should also have a copy of the request letter and therefore that information could be obtained by Fincastle without involving the DOR and forcing it to risk violating KRS 131.190(1). The trial court denied the DOR's motion for protective order.

The DOR then filed a petition for a writ of prohibition in the Court of Appeals requesting that it prohibit the circuit court from requiring the DOR to disclose confidential taxpayer information in violation of KRS 131.190(1) and KRS 131.081(15).

Subsequent to this, the trial court entered another order; it noted that the trial court was concerned that "in filing a proceeding for a writ of prohibition in the Court of Appeals, [the DOR] may be creating unnecessary litigation over the production of documents." The order also discussed that the TAM request letter was already "produced to [Fincastle] by the defendant LG&E, and, therefore, there [was] no further need to compel the [DOR] to produce such documents." Consequently, the trial court vacated its own order and relieved the DOR of its duty to produce the TAM letter to Fincastle, as it was already provided by LG&E.

3

Because of this, the Court of Appeals denied the DOR's petition for writ of prohibition as moot. It reasoned that the letter the DOR wanted to prohibit the trial court from compelling it to give to Fincastle was already provided by LG&E, and therefore there was no justiciable issue for it to rule on in regard to the writ of prohibition. It further held that no exception to the doctrine of mootness applied. This appeal followed.

## II. ANALYSIS

It is undisputed by the DOR that the issue of whether the trial court may compel it to produce the TAM request letter without running afoul of KRS 131.190 and KRS 131.081 is moot. "[A] 'moot case' is one which seeks to get a judgment...upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy."[3] In this case the question became moot after the trial court rescinded its order requiring the DOR to produce the TAM request letter.

Notwithstanding this fact, the DOR insists that the issue is justiciable because two exceptions to the mootness doctrine apply, specifically, the "capable of repetition, yet evading review" exception, and the "public interest" exception.

## A. The "capable of repetition, yet evading review" exception does not apply.

---

[3] *Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014).

4

The capable of repetition, yet evading review exception to mootness has two requirements: "(1) the challenged action must be too short in duration to be fully litigated prior to its cessation or expiration, and (2) there must be a reasonable expectation that the *same* complaining party will be subjected to the *same* action again."[4]

The DOR's claim fails to satisfy the first element of this exception. The issue here is the production of a document via discovery. There is no reason to doubt that another case with a similar conflict concerning the production of taxpayer information will occur, at which time the matter can be fully litigated and appealed.[5]

Therefore, because the DOR's claim cannot satisfy both elements of the capable of repetition, yet evading review exception, the exception does not apply.

## B. The "public interest" exception does not apply.

The public interest exception to mootness applies only when: "(1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question."[6]

---

[4] *Id.* at 100 (emphasis in original).

[5] *Id.* at 100-01 (holding that appellant's claim did not satisfy first element because "although her case expired before it could be filly litigated, there is every reason to expect that other cases raising the same questions...will commence...to allow for the matter to be fully litigated.").

[6] *Id.* at 102.

Without question, issues regarding the disclosure of private taxpayer information are public in nature. However, based on the facts of this case, there is no need for an authoritative determination for the future guidance of public officers. The request letter at issue was sent to the DOR by LG&E, but the private taxpayer information it contained concerned only Fincastle: whether Fincastle's activities were commercial or residential in nature and, by extension, whether Fincastle qualified for a tax exemption. Therefore, our statutes are clear that the DOR could have produced the letter without fear of sanction. In particular, KRS 131.190 provides:

> (1) No present or former commissioner or employee of the department, present or former member of a county board of assessment appeals, present or former property valuation administrator or employee, present or former secretary or employee of the Finance and Administration Cabinet, former secretary or employee of the Revenue Cabinet, or any other person, shall intentionally and without authorization inspect or divulge any information acquired by him of the affairs of any person, or information regarding the tax schedules, returns, or reports required to be filed with the department or other proper officer, or any information produced by a hearing or investigation, insofar as the information may have to do with the affairs of the person's business.
>
> (2) The prohibition established by **subsection (1) of this section shall not extend to**:
>
>> (c) Furnishing any taxpayer or his properly authorized agent with **information respecting his own return**[.]

6

(emphasis added). So, because Fincastle was seeking a letter containing information regarding its own tax exempt status, the controlling statute is KRS 131.190(2)(c) and there is no need for authoritative guidance from this Court. Accordingly, the public interest exception does not apply.

## III. CONCLUSION

Based on the foregoing, we affirm the Court of Appeals and hold that the DOR's claim is moot.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Richard W. Bertelson, III
Office of Legal Services for Revenue
Frankfort, KY

COUNSEL FOR APPELLEE:

Robert L. Heleringer
Louisville, KY

Mark Terrell Hurst
Louisville, KY